**SO ORDERED.**

**SIGNED this 20 day of November, 2012.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

KIM DEHAVION CASTELL,                        CASE NO. 12-04562-8-JRL

   DEBTOR.                                    CHAPTER 13

_____

### ORDER

This matter is before the court on debtor's objection to the proof of claim filed by Kingston at Wakefield Plantation Homeowners Association, Inc. ("Kingston") in the amount of $678.75. A hearing on the matter was held in Raleigh, North Carolina on November 7, 2012.

### BACKGROUND

Kim Dehavion Castell ("debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on June 20, 2012. In September 2008, the debtor purchased real property located in the Kingston at Wakefield Plantation subdivision at 11945 Field Towne Lane, Raleigh, North Carolina ("real property"). The debtor's chapter 13 plan, filed along with her petition, provides for fifteen (15) monthly payments of $1,919.00 and monthly payments of $1,721.00 for forty (40) months. As of November 5, 2012, the debtor's chapter 13 had not been confirmed, but she had made

1

plan payments totaling approximately $7,677.00.

On July 3, 2012, Kingston filed a proof of secured claim in the debtor's case in the amount of $678.75, which is purportedly secured by a lien on the debtor's real property for delinquent homeowners association dues. Kingston is a homeowners association formed on November 9, 2004, pursuant to the Declaration of Covenants, Conditions and Restrictions for Kingston at Wakefield Plantation, recorded in Book 11098 at Page 338 of the Wake County Registry of Deeds on November 12, 2004 ("declaration"). Article V, Section 12 of the declaration governs assessment liens and outlines the procedure by which they are foreclosed. It provides in pertinent part:

> To evidence the aforesaid assessment lien, which remains unpaid for a period of 30 days or longer the Board [of Directors] shall prepare a written notice of assessment lien setting forth the amount of the unpaid indebtedness, the name of the Owner of the Lot and improvements thereon covered by such lien and a description of the Lot. Such notice shall be signed by an officer or authorized agent of the Association and shall be recorded in the Office of the Clerk of Superior Court of Wake County North Carolina. Such lien or payment of assessments shall attach with the priority above set forth from the date that such payment becomes delinquent and may be enforced by the foreclosure of the defaulting Owner's Lot and improvements thereon by the Association in like manner as a mortgage or a deed of trust with power of sale on real property under Article 2A of Chapter 45 of the North Carolina General Statutes subsequent to the recording of a notice of assessment lien as provided and/or the Association may institute suit against the Owner personally obligated to pay the assessments and/or foreclosure of the aforesaid lien judicially or may seek other available remedy or relief.

On August 21, 2012, the debtor filed the objection presently before the court alleging that Kingston does not have a valid claim of lien against the debtor's real property because pursuant to N.C. Gen. Stat. § 47F-3-116, outstanding and unpaid homeowners association assessments past due for more than thirty days "shall constitute a lien on that lot when a claim of lien is filed of record in the office of the clerk of superior court of the county in which the lot is located . . . ." Relying on In re Guillebeaux, 361 B.R. 87 (Bankr. M.D.N.C. 2007), the debtor contends that Kingston's

claim is not entitled to secured status because it failed to file a claim of lien for the delinquent assessments required by N.C. Gen. Stat. § 47F-3-116.[1]

Kingston filed a response in opposition to the debtor's objection on August 28, 2012. It contends its proof of claim, as filed, complies with Fed. R. Bankr. P. 3001 and constitutes prima facie evidence of the validity and amount of its claim. Alternatively, Kingston argues that it is subject to the North Carolina Planned Community Act; however, it does not require the filing of claim of lien to have a valid security interest. To support its contentions, Kingston draws the court's attention to Wise v. Harrington Grove Community Association, Inc., 584 S.E.2d 731 (N.C. 2003), Reidy v. Whitehart Association, Inc., 648 S.E.2d 265 (N.C. Ct. App. 2007) and excerpts from Webster's Real Estate Law in North Carolina.

## DISCUSSION

Chapter 47F of the North Carolina General Statutes, entitled the North Carolina Planned Community Act ("PCA"), applies only to homeowners associations created on or after January 1, 1999; however, some provisions apply regardless of the date of inception. See N.C. Gen. Stat. § 47F-1-102(c); Wise, 584 S.E.2d at 735, 740 ("Automatic application of PCA provisions to homeowners associations created on or after 1 January 1999 may therefore be viewed as consistent with the reasonable legal expectations of buyers purchasing homes in planned communities created after that date."). Legal instruments, such as declarations and covenants, creating homeowners associations may expressly withhold any of the statutory powers granted in N.C. Gen. Stat. § 47F-3-102. Wise, 584 S.E.2d at 740.

---

[1] Additionally, the debtor argues that the proof of claim submitted by Kingston does not include an original or duplicate of the writing upon which its claim is based and, therefore, does not comply with Fed. R. Bankr. P. 3001(c).

3

N.C. Gen. Stat. § 47F-3-116 (a), governing perfection of a lien against property owners for delinquent assessments, provides that "[a]ny assessment levied against a lot remaining unpaid for a period of 30 days or longer shall constitute a lien on that lot when a claim of lien is filed of record in the office of the clerk of superior court of the county in which the lot is located." See id. (granting homeowners associations holding a claim of lien authority to "foreclose the claim of lien in like manner as a mortgage on real estate under power of sale under Article 2A of Chapter 45 of the General Statutes.").

To be secured, any claim arising out an assessment lien held by a homeowners association must be perfected. Guillebeaux, 361 B.R. at 93. A creditor's failure to adhere to the proper method of perfecting its prepetition assessment lien (i.e., filing a claim of lien in the superior court of the county where the real property subject to the lien is located) was addressed in Guillebeaux and the court concluded that such a failure renders the status of any claim for delinquent assessments unsecured. Id. (disallowing secured status to prepetition arrearage claim because it was never perfected under the PCA). In Guillebeaux, the debtor owed Countryhouse Service Group, V, Inc. ("Countryhouse")[2] $3,246.05 in prepetition assessments and fees; however, Countryhouse never filed a claim of lien with the Chatham County Registry of Deeds. Id. at 90. In reaching its decision, the court rejected the argument that the homeowners association held a lien arising automatically following the debtor's failure to pay the $3,246.00 in delinquent assessments because the perfection and status of any purported lien was governed by the PCA. Id. at 93.

After taking the matter under advisement and reviewing the record, the court finds that the

---

[2]Countryhouse was owned by Tallis Management Group, which owned Countryhouse and other homeowners associations. Guillebeaux, 361 B.R. at 90.

claim filed by Kingston will not be allowed as a secured claim in the debtor's case because the purported lien for homeowners association dues held by Kingston was never perfected.  Because Kingston never filed a notice of lien with the Clerk of the Superior Court of Wake County, its prepetition claim for delinquent homeowners dues and assessments was never perfected under N.C. Gen. Stat. § 47F-3-116 or Article V, Section 12 of its own declaration, both requiring written notice of the assessment lien to be recorded with the Clerk of the Superior Court of Wake County.  See, e.g., N.C. Gen. Stat.§ 47F-3-116; Guillebeaux, 361 B.R. at 93.  Although not allowed as a secured claim,  Kingston's claim for delinquent homeowners association dues will be allowed as a general unsecured claim in the amount of $678.75.

## CONCLUSION

Based on the foregoing, the debtor's objection to Kingston's proof of claim is **ALLOWED.** Kingston's $678.75 claim for unpaid and outstanding homeowners association dues will be entitled to be treated as a general unsecured claim.

### END OF DOCUMENT