UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.: 5:13-CV-1-BO

KINGSTON AT WAKEFIELD            )
HOMEOWNERS ASSOCIATION, INC.,    )
                                 )
    Appellant,                   )
                                 )
v.                               )        **ORDER**
                                 )
KIM DEHAVION CASTELL,            )
                                 )
    Appellees.                   )

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This matter is before the Court on Kingston at Wakefield Homeowners Association, Inc.'s ("Kingston's") appeal from the bankruptcy court's order entered on November 20, 2012. For the reasons stated herein, the Bankruptcy Court's Order of November 20, 2012 is AFFIRMED.

## BACKGROUND

The debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 20, 2012. That matter is proceeding as *In Re: Kim Dehavion Castell*, Case No.: 12-04562-8-JRL. On July 3, 2012 and as part of the bankruptcy proceeding, Kingston filed a proof of secured claim asserting that its claim in the amount of $678.75 was secured by a lien on the debtor's real property. Kingston is a homeowners association formed on November 9, 2004, pursuant to the Declaration of Covenants, Conditions and Restrictions for Kingston at Wakefield Plantation, recorded in Book 11098 at Page 338 of the Wake County Registry of Deeds on November 12, 2004. Article V, Section 12 of the declaration provides, in pertinent part:

1

To evidence the aforesaid lien, which remains unpaid for a period of 30 days or longer the Board shall prepare a written notice of assessment lien setting forth the amount of the unpaid indebtedness, the name of the Owner of the Lot and improvements thereon covered by such lien and a description of the Lot. Such notice shall be signed by an officer or agent of the Association and shall be recorded in the Office of the Clerk of the Superior Court of Wake County North Carolina. Such lien or payment of assessments shall attach with the priority above set forth from the date that such payment becomes delinquent and may be enforced by the foreclosure of the defaulting Owner's Lot and improvements thereon by the Association in like manner as a mortgage or a deed of trust with the power of sale on real property under Article 2A of Chapter 45 of the North Carolina General Statutes subsequent to the recording of a notice of assessment lien as provided and/or the association may institute suit against the Owner personally obligated to pay the assessments and/or foreclosure of the aforesaid lien judicially or may seek other available remedy or relief.

On August 21, 2012, the debtor filed an objection to Kingston's claim and specifically objected to the treatment of that claim as secured. On August 28, 2012, Kingston filed a response to the debtor's objection and set forth its argument for treating claim no. 5 as a secured claim.

On November 7, 2012, the bankruptcy court held a hearing on this issue. On November 20, 2012, the bankruptcy court entered its final order allowing the debtor's objection and finding that the claim should be treated as unsecured. On December 2, 2012, Kingston filed its notice of appeal with respect to the bankruptcy court's order of November 20. That appeal is now before this Court.

## DISCUSSION

I.   STANDARD OF REVIEW.

The parties to this appeal agree that there is no dispute with respect to the facts of this case. Rather, the parties merely dispute the bankruptcy court's application of the law to those facts. As such, the appropriate standard of review is *de novo*. *See Taylor v. Local No. 7, Int'l Union of Journeymen Horseshoers of the United States and Canada*, 353 F.2d 593, 601 (4th Cir. 1965).

II.  THE PCA GOVERNS PERFECTION OF KINGSTON'S LIEN.

The North Carolina Planned Community Act ("PCA"), applies to homeowners associations created on or after January 1, 1999. *See* N.C. Gen. Stat. § 47F-1-102(c); *Wise v. Harrington Grove Community Assoc., Inc.*, 584 S.E.2d 731 (N.C. 2003)(finding that buyers purchasing homes in planned communities can reasonably expect to be subject to the PCA). The PCA states:

> The principles of law and equity as well as other North Carolina statutes . . . supplement the provisions of this Chapter, except to the extent inconsistent with this Chapter. When these principles or statutes are inconsistent or conflict with this Chapter, the provisions of this Chapter will control.

N.C. Gen. Stat. § 47F-1-108. The PCA contains an explicit requirement that a homeowners association perfect a claim of lien by filing the claim with the clerk of superior court of the county in which the lost is located. N.C. Gen. Stat. § 47F-3-116. Legal instruments creating homeowners associations may expressly withhold any of the statutory powers granted in N.C. Gen. Stat. § 47F-3-102. To be secured, a claim arising out of an assessment lien held by a homeowners association must be perfected. *In re Guillebeaux*, 361 B.R. 87 (Bankr. M.D.N.C. 2007). In *Guillebeaux*, the bankruptcy court determined that when an assessment lien is not properly perfected it is rendered unsecured. *See id.* In that case the court rejected the notion that the homeowners association held an automatically perfected lien arising out of the delinquent assessments because the PCA governed the perfection of the lien.

Here, it is undisputed that Kingston failed to file a claim of lien with the clerk of superior court. However, Kingston argued that it is nevertheless entitled to have its claim treated as secured debt because it holds a common law lien that is not displaced by the PCA. This Court disagrees with Kingston's argument. Because this common law theory clearly conflicts with the PCA's requirement that the claim of lien be perfected by filing, the PCA's provisions control.

3

Further, Kingston's own declaration states that such claims will be perfected by filing. As such, Kingston failed to perfect its lien under the PCA and Article V, Section 12 of its own declaration. The Bankruptcy Court did not err in finding that Kingston's claim for delinquent homeowners association dues should be allowed, but only as a general unsecured claim in the amount of $678.75.

## CONCLUSION

Accordingly, the bankruptcy court's determination that Kingston's claim for unpaid and outstanding homeowner's association dues shall be treated as a general unsecured claim is AFFIRMED. The clerk is DIRECTED to close the file.

SO ORDERED.
This the **17** day of June, 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge